UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHONDKER NASREEN,<br><br>    *Plaintiff*,<br><br>v.<br><br>CAPITOL PETROLEUM GROUP, LLC et al.,<br><br>    *Defendants*. | Civil Action No. 20-1867 (TJK) |

## MEMORANDUM OPINION

Plaintiff Khondker Nasreen's counsel moves to withdraw as counsel for Nasreen, and Nasreen has moved to stay discovery until her counsel's motion to withdraw is resolved. Defendants Capitol Petroleum Group, LLC and Anacostia Realty, LLC oppose both motions. Because the relevant factors weigh in favor of granting the motion to withdraw and because the Court will modify the scheduling order on its own motion, the Court will grant the motion to withdraw and will deny as moot the motion to stay discovery.

**I.   Background**

Plaintiff Khondker Nasreen operates a gas station in Washington, D.C., as a franchisee of Exxon. *See* ECF No. 1 §§ I–III; ECF No. 1-2 ¶ 1. Defendants Capitol Petroleum Group, LLC and Anacostia Realty, LLC ("Defendants") supply her the fuel she sells to retail customers and lease her the facilities and property from which she operates the gas station. *See* ECF No. 1 §§ I–III; ECF No. 1-2 ¶ 1.

At first proceeding pro se, Nasreen sued Defendants in July 2020, asserting a claim under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.*, about Defendants' business dealings with her. *See* ECF No. 1 §§ I–III; ECF No. 1-2 ¶ 1. In her initial complaint, Nasreen also

requested a temporary restraining order or preliminary injunction to prevent Defendants from ejecting her from the property, which they had threatened. *See* ECF No. 1 §§ III–V.

About a month later, attorney Michael J. Lockerby entered an appearance on behalf of Nasreen and moved for a preliminary injunction, asking the Court to order that Nasreen be permitted to keep occupying the gas station and receiving fuel shipments there. *See* ECF No. 2; ECF No. 6 at 1. The parties then proposed jointly a stipulation and order to maintain that status quo throughout this case, which the Court entered. *See* ECF Nos. 13–14.

Lockerby then filed an amended complaint on behalf of Nasreen. ECF No. 19. Defendants answered. ECF No. 20. The Court later entered a scheduling order providing, among other things, that fact discovery would close on December 10, 2021. ECF No. 27.

Lockerby now moves to withdraw as counsel for Nasreen. ECF No. 30. Defendants oppose, asking the Court to wait to grant Lockerby's motion until after Nasreen provides them with written discovery. ECF No. 31 at 1. The Court ordered Lockerby to reply to Defendants' opposition and to submit for *in camera* inspection evidence supporting his motion. *See* Minute Order of November 1, 2021; Minute Order of November 3, 2021. Lockerby has now done so. *See* ECF No. 33 at 1, 3. Also, Nasreen moves to stay discovery pending resolution of her counsel's motion to withdraw. ECF No. 35. Defendants oppose this motion as well. ECF No. 36.

## II.   Legal Standard(s)

"As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client." *Laster v. District of Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006). "That obligation, however, is not absolute, and under appropriate circumstances an attorney may seek to withdraw as a party's counsel of record."

*Hajjar-Nejad v. George Wash. Univ.*, 802 F. Supp. 2d 166, 179 (D.D.C. 2011). Whether to grant a motion to withdraw is committed to the sound discretion of the district court. *Id.*

Local Civil Rule 83.6 governs withdrawal motions in this district. *See Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 219 F. Supp. 3d 155, 157 (D.D.C. 2016). Where, as here, a trial date has not yet been set but the party neither has consented in writing to the withdrawal nor is represented by another attorney, the party's attorney must move to withdraw and obtain an order of the Court so permitting before the attorney may withdraw. LCvR 83.6(c).[1] The Court may deny a motion to withdraw if granting it would unduly delay trial of the case, would be unfairly prejudicial to any party, or would otherwise not be in the interest of justice. LCvR 83.6(d). Other factors the Court may consider include how long the case has been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the Court required him to remain in the case. *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003).

**III.   Analysis**

Lockerby seeks to withdraw due to confidential "professional considerations," citing two District of Columbia Rules of Professional Conduct: one permitting withdrawal when a client "fails substantially to fulfill an obligation" owed to the attorney regarding the attorney's services, the other permitting withdrawal when continued representation would "result in an unreasonable financial burden" on the attorney. *See* ECF No. 30 at 2–3 (quoting D.C. Rules of Professional

---

[1] Unless the party is represented by another attorney or the motion is made in open court in the party's presence—neither of which is the case here—the motion also must be accompanied by a certificate of service that (1) lists the party's last known address and (2) states that the attorney has served on the party a copy of the motion and a notice advising the party either to obtain other counsel or, if intending to proceed pro se or to object to the withdrawal, to so notify the Clerk of the Court in writing within seven days of service of the motion. LCvR 83.6(c). Lockerby's motion to withdraw satisfies these requirements. *See* ECF No. 30 at 4–5.

Conduct 1.16(b)(3)–(4)).  Defendants oppose, arguing that Lockerby's withdrawal would result in undue delay and would cause them unfair prejudice.  ECF No. 31 at 4–6.  As a "compromise," however, Defendants propose that the Court grant the motion to withdraw once Nasreen's written discovery and document production are completed.  *Id.* at 6.  Defendants assert that this would impose only a "modest amount of additional time" on Lockerby or others to whom he might be able to delegate these tasks.  *Id.*

The Court has reviewed *in camera* the evidence supporting the motion, and it finds that Lockerby has a basis to withdraw.  *See* D.C. Rules of Professional Conduct 1.16 cmt. 8 ("A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation . . . ."); *cf. Coleman-Adebayo v. Johnson*, 668 F. Supp. 2d 29, 30 (D.D.C. 2009) (recognizing that the exercise of discretion under Local Civil Rule 83.6 "may be informed by the pertinent applicable ethical rules").  That this is so, however, does not by itself mean that the Court must grant Lockerby's motion to withdraw—the Court has to consider all the relevant factors.  *See Byrd*, 271 F. Supp. 2d at 176, 178 n.6 (reciting the relevant factors and noting that courts "should be mindful that they may not rely on rules of professional responsibility as the sole basis for granting a motion to withdraw").  That said, on balance, the relevant factors weigh in favor of granting the motion to withdraw.

As for the undue-delay factor, a trial date has not yet been set.  Thus, this factor does not suggest that the motion should be denied.  *See Partridge v. Am. Hosp. Mgmt. Co.*, 289 F. Supp. 3d 1, 24 (D.D.C. 2017) (finding this factor "inapplicable . . . because no trial date has been set"); *Rehab Auf v. Medford*, No. 20-cv-0815 (ABJ), 2021 WL 3025216, at *1 (D.D.C. Jan. 5, 2021) ("No trial date has been set, so withdrawal will not delay the trial in any way . . . .").

As for the unfair-prejudice factor, although more delay may affect Defendants' interests if they were to prevail, any such prejudice appears to be negligible and does not warrant denying the motion to withdraw. *Cf. Banneker Ventures, LLC v. Graham*, No. 13-cv-391 (RMC), 2016 WL 1304834, at *3 (D.D.C. Mar. 31, 2016) ("'Unfair prejudice' in this context is a hefty standard."). Defendants previously agreed to maintain the status quo while the case is pending, thus suggesting that a small delay will cause only negligible prejudice, if any. Defendants also suggest that the outstanding discovery issues should take only "a modest amount of additional time" to resolve. ECF No. 31 at 6. If true, this further suggests that any delay here flowing from withdrawal, and thus any prejudice flowing from delay, will be negligible.

Since Local Civil Rule 83.6(d) directs the Court to consider unfair prejudice to "any party," the Court also considers potential unfair prejudice to Nasreen. Nasreen, who originally filed this case pro se, has not objected to her counsel's motion "within seven days of service of the motion," which was filed and served on October 28, 2021. *See* ECF No. 30 at 5; LCvR 83.6(c). This suggests that Nasreen will not be unfairly prejudiced by Lockerby's withdrawal. *See, e.g.*, *Hajjar-Nejad*, 802 F. Supp. 2d at 179–80; *see also Banneker Ventures*, 2016 WL 1304834, at *3 (observing that the party represented by withdrawing counsel would "need to find new counsel," which "may require time, effort, and funding," but that these are "burdens facing every litigant and do not constitute undue prejudice").

As for the interest-of-justice factor, "it is not in the interests of justice to order [Nasreen's] counsel to continue to represent" her in the circumstances present here. *See Honda Power Equip. Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003). Nasreen has also shown some ability to represent herself, if Lockerby's withdrawal requires her once again to do so, as she commenced this action pro se. *See Rehab Auf*, 2021 WL 3025216, at *1 (finding that granting a motion to

withdraw was not "unfairly prejudicial" to the plaintiff "or otherwise not in the interest of justice" where, among other things, the plaintiff had filed the case pro se). Thus, this factor supports granting the motion to withdraw.

As for how long this case has been pending, although it has now been about sixteen months since Nasreen filed it, this does not weigh significantly in favor of denying the motion to withdraw, particularly because the parties attempted mediation for about four of those months. *See* Minute Order of January 14, 2021; ECF No. 26; *cf. Honda Power Equip. Mfg.*, 219 F.R.D. at 6 (granting a motion to withdraw even though the case had been pending for nearly three years by that point). *But cf. Byrd*, 271 F. Supp. 2d at 177 (considering that the case had been pending for "almost a year" and that the discovery deadline was "almost one month away" as reasons weighing against granting withdrawal, where, additionally, the parties had a settlement conference two weeks away and thus the case was at a "sensitive stage").

As for the time it would take Nasreen to search for and secure new legal representation, it is not clear she intends to do so—again, she commenced this action pro se and she has not objected to the motion to withdraw.[2] But even assuming Nasreen intends to secure new counsel, she has been on notice since at least October 5, 2021, that Lockerby might move to withdraw and thus that she would need to secure new counsel. *See* ECF No. 30 at 3. Thus, this factor either is inapplicable or weighs only slightly in favor of denying the motion to withdraw. *See Barton v. District of Columbia*, 209 F.R.D. 274, 277 (D.D.C. 2002) (noting that plaintiffs' potentially time-consuming search for new counsel was "not a reason to completely deny the motion to withdraw"). The Court will order Nasreen to file, by November 22, 2021, a notice clarifying for the Court and Defendants

---

[2] At the same time, the Court recognizes that Nasreen has not notified the Clerk that she intends to proceed pro se, which suggests that she may intend to secure new counsel. *See* LCvR 83.6(c).

6

whether she plans to secure new counsel, and if so, the status of that search, including what steps she has taken and plans to take to do so.

As for the degree of financial burden that Lockerby would suffer if the Court required him to remain in the case, Lockerby has demonstrated to the Court's satisfaction that the cost of continued representation would be significant and that under all the circumstances here withdrawal is justified. *See Honda Power Equip. Mfg.*, 219 F.R.D. at 6. This principle remains applicable here even though, as Defendants point out, Lockerby is a partner at a large law firm. *See, e.g.*, *Alexian Bros. Med. Ctr. v. Sebelius*, 63 F. Supp. 3d 105, 108–09 (D.D.C. 2014) (finding this principle applicable when counsel seeking to withdraw worked at a large law firm).

In sum, while the relevant factors are not uniform in the direction they point, on the whole they weigh in favor of granting the motion to withdraw. Thus, the Court will do so.

The Court is mindful of the looming fact-discovery deadline, set by order of this Court for December 10, 2021. ECF No. 27 ¶ 2. It appears that, despite this approaching deadline, and for reasons at least partially unrelated to Lockerby's motion to withdraw or any fault of Nasreen's, the parties have yet to schedule depositions, let alone conduct them. *See* ECF No. 30 at 3; ECF No. 31 at 3–4; ECF No. 33 at 1–2; ECF No. 35 at 1.

The Court may modify the scheduling order at any time for good cause. *See* LCvR 16.4(a). And it may do so on its own motion where, as here, it acts before the relevant deadline expires. *See* Fed. R. Civ. P. 6(b)(1)(A); *Beale v. District of Columbia*, 545 F. Supp. 2d 8, 14 (D.D.C. 2008). "What constitutes good cause . . . necessarily varies with the circumstances of each case." *Watt v. All Clear Bus. Sols., LLC*, 840 F. Supp. 2d 324, 326 (D.D.C. 2012).

The Court finds good cause in that it will grant Lockerby's motion to withdraw but it recognizes that granting this motion will cause some delay in the fact-discovery process. *See, e.g.*,

*Kee v. Fifth Third Bank*, No. 2:06-cv-00602-DAK-PMW, 2008 WL 183384, at *1 (D. Utah Jan. 17, 2008) (determining that good cause existed to amend the scheduling order given the court's decision to permit counsel for the plaintiff to withdraw). Thus, the Court will issue an amended scheduling order extending the fact-discovery deadline to February 18, 2022; extending the expert-discovery deadline to April 22, 2022; and rescheduling the post-discovery status conference to April 27, 2022.[3]

### IV. Conclusion

For all these reasons, the Court will grant Lockerby's Motion to Withdraw as Counsel for Plaintiff, ECF No. 30, and will deny Nasreen's Motion to Stay Discovery Pending Resolution of Motion to Withdraw as Counsel, ECF No. 35. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 15, 2021

---

[3] Because the Court will extend the discovery deadlines on its own motion, it will deny as moot Nasreen's motion to stay discovery pending resolution of Lockerby's motion to withdraw. ECF No. 35.