UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHONDKER NASREEN,<br><br>   *Plaintiff*,<br><br> v.<br><br>CAPITOL PETROLEUM GROUP, LLC, et al.,<br><br>   *Defendants*. | Civil Action No. 20-1867 (TJK/GMH) |

## MEMORANDUM ORDER

This matter is before the Court on the Report and Recommendation ("R & R") filed by Magistrate Judge G. Michael Harvey on April 11, 2022. *See* ECF No. 53. In the R & R, Judge Harvey recommended that the Court grant in part and deny in part Defendants' Motion for an Award of Attorneys' Fees and Costs of Motion to Compel, *see* ECF No. 50, and award them $5,957.42 in reasonable expenses under Federal Rule of Civil Procedure 37(a)(5)(C) out of the $10,709.95 they requested, *see* ECF No. 53 at 2, 5. The R & R advised the parties that they had fourteen days from receipt of the R & R to file written objections to it. *See* ECF No. 53 at 29 (citing LCvR 72.3(b)). Neither party has filed objections, and the deadline to do so has passed. Thus, any objections are deemed waived. *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 149–55 (1985). In these circumstances, the Court reviews the R & R only for clear error. *See IMAPizza, LLC v. At Pizza Ltd.*, No. 17-cv-2327 (TJK) (GMH), 2021 WL 3168132, at *2 (D.D.C. July 27, 2021). Clear error does not exist just because the Court would have decided an issue differently; rather, the Court must have the "definite and firm conviction that a mistake has been committed." *Momoh v. Osayande*, 564 B.R. 1, 3 (D.D.C. 2017); *see also Cuddy v. Carmen*, 762 F.2d 119, 124 (D.C. Cir. 1985). Finding no such error, the Court will adopt the R & R in full.

The Court assumes familiarity with the background of this case and of Defendants' Motion. *See* ECF No. 49 at 2–5; ECF No. 53 at 2–4.  In short, after Judge Harvey granted in part and denied in part a motion to compel that Defendants filed—a motion that the Court had already denied in part before referring it to a magistrate judge—Defendants moved under Rule 37(a)(5)(C) for an award of reasonable expenses, including attorneys' fees, incurred in relation to the motion to compel.  *See* Minute Order of January 26, 2022; ECF No. 49; ECF No. 50 at 1.  Specifically, Defendants sought $10,434.50 in attorneys' fees and $275.45 in costs, for a total award of $10,709.95.  *See* ECF No. 50-2 at 1, 5.  Plaintiff opposed the Rule 37(a)(5)(C) motion, advancing several reasons why *any* award of reasonable expenses was unwarranted.  *See* ECF No. 51.

Rule 37(a)(5)(C) provides that if a party's motion to compel is "granted in part and denied in part," as happened here, then the Court "may . . . apportion the reasonable expenses for the motion."  *See* Fed. R. Civ. P. 37(a)(5)(C).[1]  This provision "vests the District Court with discretion" to decide whether and how to apportion such expenses.  *See Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 951 (D.C. Cir. 2017).

---

[1] Although Rule 37(a)(5)(A) and Rule 37(a)(5)(B)—applicable when the Court grants in full or denies in full a motion to compel, respectively—explicitly mention that attorneys' fees may be awarded as part of the "reasonable expenses," Rule 37(a)(5)(C) does not mention attorneys' fees. A few courts have concluded that this means that attorneys' fees may not be awarded under Rule 37(a)(5)(C).  *See, e.g.*, *EEOC v. Bardon, Inc.*, No. RWT-08-1883 (CBD), 2010 WL 989051, at *3–4 (D. Md. Mar. 12, 2010).  However, most courts have included attorneys' fees as part of the "reasonable expenses" that may be awarded under Rule 37(a)(5)(C).  *See Alliance Indus., Inc. v. Longyear Holding, Inc.*, No. 08CV490S (HBS), 2010 WL 3991636, at *5 & n.7 (W.D.N.Y. Oct. 12, 2010) (collecting authorities).  Courts in this district have followed that majority approach.  *See, e.g.*, *Escamilla v. Nuyen*, No. 14-cv-852 (AK), 2015 WL 4245868, at *11 (D.D.C. July 14, 2015); *Beck v. Test Masters Educ. Servs., Inc.*, No. 04-cv-1391 (JDB), 2012 WL 10817176, at *11 & n.5 (D.D.C. Sept. 25, 2012); *DL v. District of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008).  Given that Plaintiff does not argue otherwise, this Court will follow that majority approach here. *See Ford v. Massarone*, 902 F.3d 309, 314 (D.C. Cir. 2018); *Nemariam v. Fed. Dem. Republic of Ethiopia*, 491 F.3d 470, 483 (D.C. Cir. 2007).

2

After a thorough analysis, Judge Harvey recommended that the Court award Defendants $5,681.97 out of the $10,434.50 they requested in attorneys' fees and $275.45, or all of what they requested, in costs, for a total award of $5,957.42.  *See* ECF No. 53 at 29.  Judge Harvey's recommendation was largely based (1) on the one hand, the absence of circumstances that would make *any* award unjust; but (2) on the other hand, Defendants' "less-than-complete victory" on their motion to compel as well as some attorney-time claimed in their fees calculation that they should not have counted, which militated against awarding them *all* that they requested.  *See id.* at 6, 10, 17, 23, 29.  These were proper considerations under Rule 37(a)(5)(C).  *See, e.g.*, *Pietrangelo v. Refresh Club, Inc.*, No. 18-cv-1943 (DLF/ZMF), 2021 WL 1209300, at *12 (D.D.C. Mar. 31, 2021); *Buie v. District of Columbia*, 327 F.R.D. 1, 15–16 (D.D.C. 2018); *CFTC v. Trade Exchange Network Ltd.*, 159 F. Supp. 3d 5, 7–8 (D.D.C. 2015).  And the Court finds no clear error in Judge Harvey's analysis.

Thus, it is hereby **ORDERED** that:

1. The Report & Recommendation, ECF No. 53, is **ADOPTED** in its entirety;

2. Defendants' Motion for an Award of Attorneys' Fees and Costs of Motion to Compel, ECF No. 50, is **GRANTED IN PART** and **DENIED IN PART**; and

3. Defendants are **AWARDED** $5,681.97 in attorneys' fees and $275.45 in costs, for a total award of $5,957.42.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 13, 2022